United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **H.A. MARSHALL INVESTMENTS** *et al.*, <br>     **Plaintiffs,** <br>     v. <br> **JPMORGAN CHASE BANK, N.A.,** <br>     **Defendant.** | Case No.: 12-CV-05807 YGR <br><br> **NOTICE OF TENTATIVE RULING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING ON THE MOTION TO DISMISS SET FOR HEARING SCHEDULED ON JANUARY 15, 2013.

The Court has reviewed the parties' papers and is inclined to deny the motion to dismiss. This is a tentative ruling and the parties still have an opportunity to present oral argument. However, telephonic appearances will not be allowed. Alternatively, if the parties **JOINTLY** stipulate in writing to entry of the tentative ruling, the hearing shall be taken off calendar, and the tentative ruling shall become the order of the Court.

The Court *TENTATIVELY* **DENIES** the Motion to Dismiss as follows:

**I.  BACKGROUND**

In 2010, Plaintiff H.A. Marshall Investments sought to refinance a loan secured by the commercial real property located at 300 24th Street, Oakland, California 94612 (the "Property"). On or about July 20, 2010, George Nwakudu ("Nwakudu"), a banking manager for Defendant JPMorgan Chase Bank, N.A. ("Defendant"), helped Plaintiffs secure refinancing of the Property in the sum of $650,000. (Complaint ¶¶ 11, 14-15.). In addition, Nwakudu also secured a $200,000 line of credit

on behalf of Plaintiff, Douglas Marshall, but failed to inform Plaintiffs that the line of credit was cross-collateralized. (*Id.* ¶¶ 15, 18.)

Plaintiffs allege that Defendant JPMorgan Chase Bank, N.A. ("Defendant") misrepresented the nature of the security for $200,000 line of credit. Plaintiffs would not have accepted the $200,000 line of credit had they known the line of credit was secured by collateral. Plaintiffs allege a bait-and-switch—the loan documents they reviewed differed from the documents presented for signing. (*Id.* ¶ 19.) Plaintiffs seek rescission of the Credit Line Promissory Note, or alternatively, a reformation of the Deed of Trust striking the cross-collateralization term, due to the fraud of Defendant. (*Id.* ¶ 66.) Plaintiffs allege five causes of action: (1) Fraudulent Inducement; (2) Negligent Misrepresentation; (3) Breach of Contract; (4) Breach of Fiduciary Duty; and (5) Rescission of Promissory Note, or in the Alternative, Reformation of the Deed of Trust.

Plaintiffs allege two bases for their fraud claims against Defendant, both stemming from misrepresentations about the nature of the security of the $200,000 line of credit. First, Plaintiffs allege that Mr. Nwakudu failed to inform them that the deed of trust on real property used to secure the $650,000 contained a cross-collateralization clause that identified that real property as collateral for all loans from Defendant. Rather, they allege that Mr. Nwakudu made affirmative misrepresentations that the lines of credit were no different in nature than the non-collateralized lines of credit he had secured for Plaintiffs when he worked for CitiBank. (*Id.* ¶¶ 11, 34-35.)

Plaintiffs allege they had an ongoing business relationship with Mr. Nwakudu, which transformed an otherwise arm's length transaction into a fiduciary relationship. (*Id.* ¶ 13.) Nwakudu previously had helped Plaintiffs procure non-collateralized lines of credit when he worked for CitiBank. "Nwakudu regularly inquired into [Plaintiffs'] financial needs, and soon became intimately familiar with the finances and [business] plans of HAMI … . Plaintiffs came to trust Nwakudu's advice and representations regarding financial transactions." (*Id.* ¶ 13.) And based on Nwkudu's actions, Plaintiffs allege that "not only did he undertake to act for the benefit of Plaintiffs, but [he] actively sought fiduciary obligations." (*Id.* ¶ 59.)

Plaintiffs also allege a misrepresentation by Kimberly Hett, a Business Banking Manager of Defendant, claiming that Ms. Hett informed Plaintiffs that prior to the full payment deadline of the

2

1 credit line, it would "just roll into a loan" if the Plaintiffs did not renew the line of credit, which
2 induced Plaintiffs to let the balance stand instead of paying off the credit line.  This statement was
3 made in July 2011, approximately one year after the loan documents were executed.

4       Defendant argues that these claims fail as a matter of law because:  (A) the claims violate the
5 parol evidence rule; (B) any reliance upon representations of the Defendants contrary to the terms of
6 the loan documents is unreasonable as a matter of law; (C) Plaintiffs' claim for breach of contract
7 fails to allege a contractual provision breached; and (D) Plaintiffs' claim for breach of fiduciary duty
8 fails because Chase owed Plaintiffs no duty of care.

## II. DISCUSSION

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  All allegations of material fact are taken as true.  *Johnson v. Lucent Techs., Inc.,* 653 F.3d 1000, 1010 (9th Cir. 2011).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Furthermore, where a party is alleging fraud, the circumstances of the fraud must be pled with particularity.  Fed. R. Civ. P. 9(b).

### A. PAROL EVIDENCE RULE

Defendant argues that all Plaintiffs' claims are barred by the parol evidence rule.

Under California law, the parol evidence rule, codified at California Civil Code § 1625 and California Code of Civil Procedure § 1856, generally prohibits the introduction of any extrinsic evidence to vary, alter or add to the terms of an integrated written instrument.  *Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 976-77 (N.D. Cal. 2006) (citing *Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336, 343 (Cal. 2004)).

Application of the parol evidence rule is a two-part analysis:  "'1) was the writing intended to be an integration, *i.e.*, a complete and final expression of the parties' agreement, precluding any evidence of collateral agreements; and 2) is the agreement susceptible of the meaning contended for by the party offering the evidence?'"  *Wang v. Massey Chevrolet*, 97 Cal. App. 4th 856, 873 (Cal. Ct. App. 2002) (quoting *Banco Do Brasil, S.A. v. Latian, Inc.*, 234 Cal. App. 3d 973, 1001 (Cal. Ct. App.

1991). In essence, Defendant asks the Court to speculate on what evidence Plaintiffs will seek to admit to prove each of their claims and then decide whether such evidence will be barred by the parol evidence rule. The Court is not convinced that it can decide these issues on a motion to dismiss.[1]

Moreover, the parol evidence rule does not prevent a party from introducing evidence showing the party was fraudulently induced to enter the agreement. Cal. Code Civ. P. § 1856(g). The issue of whether "the fraud exception to the parol evidence rule permit[s] evidence of a contemporaneous factual misrepresentation as to the terms contained in a written agreement" is currently up for review by the California Supreme Court in *Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Assn.*, 250 P.3d 180 (Cal. 2011) (granting petition for review).[2]

Based on the foregoing analysis, the Court **DENIES** this basis for dismissal.

### B.  REASONABLE RELIANCE

Defendant argues that any reliance upon representations of the Defendant contrary to the terms of the loan documents is unreasonable as a matter of law.

If the statutory exception to the parol evidence rule permits parties to introduce evidence of misrepresentations of fact regarding the content of the physical document, then the parol evidence rule would not bar the defrauded party from introducing evidence to show that reliance on such representations was reasonable. *Pac. State Bank v. Greene*, 110 Cal. App. 4th 375, 393 (Cal. Ct. App. 2003) ("the particular circumstances of the contract's execution, including the prominent and discernible provisions of the contents of the writing in issue").

Based on the foregoing, the Court **DENIES** this basis for dismissal.

---

[1] Courts in California consider a variety of factors—not just the literal wording of a cross-collateralization provision—to determine whether the parties mutually intended to permit cross-collateralization of loans. *See Fischer v. First Int'l Bank*, 109 Cal. App. 4th 1433, 1445 (Cal. Ct. App. 2003). Construction of such cross-collateralization clauses "depends more on 'the actual expectations of the parties … than the literal wording of the boilerplate clause.'" *Id.* (quoting *Ostayan v. Serrano Reconveyance Co.*, 77 Cal. App. 4th 1411, 1421 (Cal. App. 2000). Accordingly, the case law does not support Defendant's position that the determination of whether the parties' written agreement clearly and unambiguously expresses their intent to cross-collateralize the loans is an appropriate issue for resolution on a Rule 12(b)(6) motion.

[2] The issue under review is: "Does the fraud exception to the parol evidence rule permit evidence of a contemporaneous factual misrepresentation as to the terms contained in a written agreement at the time of execution, or is such evidence inadmissible under *Bank of America National Trust & Savings Association v. Pendergrass* (1935) 4 Cal.2d 258, 263, as 'a promise directly at variance with the promise of the writing'?"

4

### C.     PLAINTIFFS' BREACH OF CONTRACT CAUSE OF ACTION

The elements of a claim for breach of contract under California law are: (1) the contract; (2) plaintiffs' performance or excuse for nonperformance; (3) defendant's breach; and (4) damage.

Plaintiffs allege full performance on their part and Defendant's breach by falsely declaring Plaintiffs' default and then accelerating their loan.  One provision of the parties' Business Loan Agreement provides that "[f]rom time to time Borrower will provide Lender with such other information as Lender may reasonably request."  (Complaint, Ex. 4 at 1.)  Plaintiffs allege that Defendant has falsely claimed that it demanded financial information from Plaintiff Douglas Marshall, when it had not, and that Defendant breached the contract by declaring Plaintiffs in default based upon the false claim that Plaintiffs failed to provide financial information in response to Defendant's demands.

Defendant moves to dismiss Plaintiffs' breach of contract claim on the basis that Plaintiffs have not identified a contract term that Defendant breached.  Defendant argues that the Plaintiffs had a continuing obligation to provide Defendant with updated financial information without request and therefore Defendant had no contractual obligation to request financial information.  On this basis, Defendant argues that it could not have breached this provision of the contract.  Defendant misconstrues the allegations in the Complaint.  Plaintiffs' breach of contract claim is not based on Defendant's failure to request information from the Plaintiffs, but rather, Plaintiffs allege that Defendant breached the contract by falsely claiming Plaintiffs had breached a specific contractual provision as pretext to declare Plaintiffs in default on the loan and to accelerate their loan.  This states a claim for breach of contract.

Based on the foregoing, the Court **DENIES** the Motion to Dismiss the claim for Breach of Contract.

### D.     FIDUCIARY DUTY

Defendant moves to dismiss Plaintiffs' claim for breach of fiduciary duty on the basis that Plaintiffs have not alleged a fiduciary relationship.

A fiduciary relationship exists when one party reposes trust in another and that other party voluntarily accepts that confidence.  *Brown v. Wells Fargo Bank, NA*, 168 Cal. App. 4th 938, 960

United States District Court
Northern District of California

(Cal. Ct. App. 2008). "[A]bsent special circumstances … a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender." *Perlas v. GMAC Mortg. LLC*, 187 Cal. App. 429, 436 (Cal. Ct. App. 2010). The parties dispute whether such special circumstances are alleged here.

Plaintiffs allege that due to Nwakudu's familiarity with and continual inquiries into Plaintiffs' financial needs and business plans, as well as Nwakudu's advice on Plaintiffs' commercial interests, Plaintiffs reposed their trust in Nwakudu. (Complaint ¶ 59.) Plaintiffs also allege that Nwakudu accepted that confidence. (*Id.*) Under the circumstances alleged, the Court cannot hold that as a matter of law no fiduciary relationship arose.

Based on the foregoing, the Court **DENIES** the Motion to Dismiss the claim for Breach of Fiduciary Duty.

## III. CONCLUSION

Therefore, the Court *tentatively* Orders the following:

1) The Motion to Dismiss is **DENIED**.
2) Defendant shall answer the Complaint by no later than **February 11, 2013**.

No later than **Friday, January 11, 2013**, the parties shall file a **JOINT** statement either (1) stipulating in writing to entry of this tentative ruling; or (2) briefly identifying the issue or issues on which they wish to argue. If the parties stipulate to entry of the tentative ruling, then the hearing shall be taken off calendar, and the tentative ruling shall become the order of the Court. If the parties do not so stipulate, the hearing shall be held as scheduled. Personal appearance of counsel is required; the requests for telephonic appearance (Dkt. Nos. 21 & 22) are **DENIED**.

**IT IS SO ORDERED.**

Dated: January 10, 2013.

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**